

Federal Communications Commission

Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

June 10, 2024

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

Re:   *Ohio Telecom Ass'n v. FCC & USA*, No. 24-3449, and related cases

Dear Ms. Stephens:

On behalf of the respondents, we write in response to petitioners' letter suggesting that "the Court should decide [petitioners'] stay motion before it decides [respondents'] transfer motion." Although we do not seek to unnecessarily delay the disposition of petitioners' stay motion, there is no need for this Court to reach that motion—which concerns an agency order that will not take effect until July 22—before deciding the antecedent transfer motion. To the contrary, there is good reason for this Court to decide the transfer motion first.

A stay ruling from this Court before a decision on the transfer motion would provide little relief, and might turn out to be merely advisory and consume judicial resources that could otherwise be conserved, because 28 U.S.C. § 2112(a)(4) provides that any stay entered by this Court "may thereafter be modified, revoked, or extended *** by any other court of appeals to which the proceedings are transferred." Accordingly, should this Court ultimately grant respondents' transfer motion, any stay granted by this Court would be reconsidered de novo by the transferee court. *See Mass. Bldg. & Trades Council v. U.S. Dep't of Labor (In re MCP No. 165),* 21 F.4th 357 (6th Cir. 2021) (dissolving pre-transfer stay granted by another circuit on reconsideration de novo), *overruled as to the merits*, 595 U.S. 109 (2022) (per curiam). That result would delay final resolution of the stay motion and be a highly inefficient use of both courts' (and the parties') time and resources.

Petitioners' approach would be especially inefficient because it could take considerable time and effort to first decide the stay motion, whereas it should be relatively quick for this Court to decide the single, straightforward issue presented by respondents' transfer motion: whether the D.C. Circuit's extensive role in reviewing a series of prior interrelated orders warrants transfer under 28 U.S.C.

§ 2112(a)(5). Under the circumstances, adjudicating petitioners' stay motion before the Court decides the transfer motion is unnecessary, could delay the ultimate resolution of this matter, and could require an otherwise unnecessary expenditure of judicial and litigation resources.[1]

We ask the Court to rule expeditiously on respondents' transfer motion and to transfer this matter to the D.C. Circuit for the reasons explained in that motion, allowing that court ample time to render its decision on petitioners' stay request.[2]

---

[1] Petitioners' reliance on *In re Forth Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), is misplaced. The Fifth Circuit there held that it was inappropriate for the district court to rule on a transfer motion not because "a motion for emergency relief was pending," as petitioners state, but instead because *an appeal* was pending that divested the district court of jurisdiction to act during the pending appeal.

[2] We note that petitioners state that they intend to "timely" file an opposition to respondents' transfer motion. Under Federal Rule of Appellate Procedure 27(a)(3)(A), petitioners' response could be "timely" potentially as late as June 17. In light of petitioners' letter, the Court may wish to consider setting an earlier deadline.

                                Respectfully submitted,

                                /s/  Scott M. Noveck

                                P. Michele Ellison
                                    *General Counsel*

                                Jacob M. Lewis
                                    *Deputy General Counsel*

                                Sarah E. Citrin
Daniel E. Haar                     *Deputy Associate General Counsel*
Nickolai G. Levin
Robert B. Nicholson            Scott M. Noveck
Andrew W. Chang              *Counsel*
    *Attorneys*                       FEDERAL COMMUNICATIONS COMMISSION
U.S. DEPARTMENT OF JUSTICE    45 L Street NE
950 Pennsylvania Ave. NW       Washington, DC 20554
Washington, DC 20530            (202) 418-1740
                                      fcclitigation@fcc.gov

*Counsel for Respondent*            *Counsel for Respondent Federal*
   *United States of America*            *Communications Commission*

cc:      All Counsel in No. 24-3449 (via CM/ECF)