Nos. 24-7000 (lead), 24-3449, 24-3450, 24-3497, 24-3504, 24-3507,
24-3508, 24-3510, 24-3511, 24-3517, 24-3519, 24-3538

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

IN RE: MCP NO. 185: FEDERAL COMMUNICATIONS COMMISSION,
IN THE MATTER OF SAFEGUARDING AND SECURING THE OPEN INTERNET,
DECLARATORY RULING, ORDER, REPORT AND ORDER, AND ORDER ON
RECONSIDERATION, FCC 24-52, 89 FED. REG. 45404, PUBLISHED MAY 22, 2024

On Petitions for Review

# MOTION FOR LEAVE TO FILE AMICUS BRIEF
# OF UNITED STATES CHAMBER OF COMMERCE
# IN OPPOSITION TO MOTIONS TO TRANSFER

| | |
|---|---|
| Tara S. Morrissey | Thomas R. McCarthy |
| Tyler S. Badgley | Jeffrey M. Harris |
| Maria C. Monaghan | Seanhenry VanDyke* |
| Mariel A. Brookins | Consovoy McCarthy PLLC |
| U.S. Chamber Litigation Center | 1600 Wilson Blvd., Suite 700 |
| 1615 H Street, N.W. | Arlington, VA 22209 |
| Washington D.C. 20062 | (703) 243-9423 |
| | tom@consovoymccarthy.com |
| | jeff@consovoymccarthy.com |
| | seanhenry@consovoymccarthy.com |
| | |
| | *Supervised by principals of the firm who are members of the Virginia bar. |
| June 24, 2024 | *Counsel for Amicus Curiae* |

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 24-7000                    Case Name: In re: MCP No. 185

Name of counsel: Thomas R. McCarthy

Pursuant to 6th Cir. R. 26.1, __United States Chamber of Commerce__
                                         *Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   No.

---

**CERTIFICATE OF SERVICE**

I certify that on __June 24, 2024__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

   s/ Thomas R. McCarthy
   1600 Wilson Blvd., Suite 700
   Arlington, VA 22209

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# 6th Cir. R. 26.1
# DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

(a) **Parties Required to Make Disclosure**. With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement. A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed**.

(1) Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal. A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure**. The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

Under Federal Rule of Appellate Procedure 29(a), amicus curiae the United States Chamber of Commerce moves this Court for leave to file an amicus brief in opposition to the Federal Communications Commission's and Benton Institute for Broadband & Society's motions to transfer venue.

1. The United States Chamber of Commerce is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country.

2. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

3. The Chamber seeks leave to file an amicus brief discussing the broader context of the FCC's venue-transfer motion in this case. Specifically, the proposed brief explains that the FCC's motion is part of a growing trend of federal agencies attempting to use venue-transfer motions to steer major regulatory challenges out of the regional circuits. The brief argues that this trend harms litigants and courts by saddling them with burdensome threshold litigation—frequently on an emergency timeline—in cases that often already involve fast-paced litigation over stays and other interim relief. This trend also harms the regulated public by impairing its right to hold agencies accountable for unlawful conduct in the jurisdictions where that conduct harms the public.

4. In the proposed brief, the Chamber also draws from its own experience litigating venue-transfer motions against federal agencies to explain how such litigation delays and complicates regulatory challenges. For example, just last week, the Fifth Circuit granted a second writ of mandamus in a challenge to which the Chamber is a party involving a major CFPB rulemaking. *See In re Chamber of Commerce*, --- F.4th ---, 2024 WL 3042100, at *1 (5th Cir. June 18, 2024). Both rounds of emergency mandamus proceedings in that case were precipitated by a venue-transfer motion filed by the CFPB and granted by the district court.

5. The proposed brief provides reasoning and analysis additional to what is contained in the brief filed by the petitioners who oppose transfer. The Chamber therefore believes it will be of aid to the Court.

6. The Chamber is filing this brief within one week of the brief filed by the petitioners who oppose transfer. Even so, because of the expedited briefing schedule, this brief will be filed after the reply briefing in support of the FCC's and Benton Society's transfer motions. The Chamber notes that in such circumstances, there is precedent for permitting the principal parties to respond to any unique arguments raised by amicus briefing. *E.g.*, *East Bay Sanctuary Covenant v. Biden*, No. 23-16032, ECF No. 107 (9th Cir. Mar. 29, 2024) (granting motions to file amicus briefs and permitting the parties to file responses to "any unique arguments raised in these amici briefs").

7. The petitioners who oppose transfer have consented to the filing of this amicus brief. The FCC and the Benton Institute do not consent.

3

8. The Chamber respectfully requests that this Court grant its motion to file an amicus brief under Federal Rule of Appellate Procedure 29(a).

Respectfully Submitted,

| | |
|---|---|
| Tara S. Morrissey<br>Tyler S. Badgley<br>Maria C. Monaghan<br>Mariel A. Brookins<br>U.S. Chamber Litigation Center<br>1615 H Street, N.W.<br>Washington D.C. 20062 | */s/ Thomas R. McCarthy*<br>Jeffrey M. Harris<br>Seanhenry VanDyke*<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>tom@consovoymccarthy.com<br>jeff@consovoymccarthy.com<br>seanhenry@consovoymccarthy.com<br><br>*Supervised by principals of the firm who are members of the Virginia bar. |
| June 24, 2024 | *Counsel for Amicus Curiae* |

## CERTIFICATE OF SERVICE

I filed this motion on the Court's electronic filing system, which will email everyone requiring notice.

Dated: June 24, 2024                                   <u>*/s/ Thomas R. McCarthy*</u>