No. 24-7000

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 28, 2024
KELLY L. STEPHENS, Clerk

In re: MCP No. 185; FEDERAL                            )
COMMUNICATIONS COMMISSION, IN THE                      )
MATTER OF SAFEGUARDING AND                             )
SECURING THE OPEN INTERNET,                            )
DECLARATORY RULING, ORDER, REPORT         )      O R D E R
AND ORDER, AND ORDER ON                                )
RECONSIDERATION, FCC 24-52, 89 Fed. Reg.  )
45404, Published May 22, 2024.                         )

Before: SUTTON, Chief Judge; CLAY and DAVIS, Circuit Judges.

Earlier this year, the Federal Communications Commission ("FCC") issued a declaratory order that expands oversight of broadband providers and protects consumer access to broadband Internet access by prohibiting Internet providers from blocking or degrading access. *See Safeguarding and Securing the Open Internet*, 89 Fed. Reg. 45404 (FCC May 22, 2024) (final rule). Numerous broadband providers challenged the rule in petitions for review filed in multiple circuits. Under 28 U.S.C. § 2112(a)(3), those petitions were consolidated in this court. The FCC and one petitioner move to transfer the petitions to the D.C. Circuit. Other petitioners oppose transfer and move for a stay of the FCC's order. Additionally, the United States Chamber of Commerce moves for leave to file an amicus brief opposing transfer.

First, we address the Chamber's motion to file an amicus brief. Amicus briefs may be permitted upon our "initial consideration of a case on the merits." Fed. R. App. P. 29(a)(1). The Chamber tendered its brief with its motion, *see* Fed. R. App. P. 29(a)(3), and the Chamber's appearance will not result in a judge's disqualification on this panel. *See* Fed. R. App. P. 29(a)(2) We recognize that the Chamber's filing is untimely, but we excuse that failing here, where we expedited the pleading times and interested parties had little notice.

Second, we address the motion to transfer.  When qualifying petitions for review of an agency order are filed in multiple circuits within ten days of issuance of the order, the Judicial Panel on Multidistrict Litigation ("JPML") "shall, by means of random selection" conduct a lottery and select one circuit court from among those in which the petitions are filed in which the record is to be filed.  28 U.S.C. § 2112(a)(3); *In re:  Nat'l Lab. Rels. Bd.*, 338 F. Supp. 3d 1343, 1345 (JPML 2018).  "For the convenience of the parties in the interest of justice," however, the circuit court selected "may thereafter transfer all the proceedings with respect to that order to any other court of appeals."  28 U.S.C. § 2112(a)(5).

When considering a motion to transfer a multi-circuit petition, we give considerable weight to our selection in the lottery.  That lottery system would not mean much if a party disappointed by the luck of the draw could transfer the case to its preferred forum.  *See Sacramento Mun. Util. Dist. v. Fed. Energy Regul. Comm'n*, 683 F.3d 769, 771 (7th Cir. 2012) (Easterbrook, C.J., in chambers) ("[T]he way to determine which circuit will handle the litigation is to follow the procedures specified by law.").  And adhering to that random selection dispels any impression that we—or any other court outside of Washington, DC for that matter—are less capable of evaluating the legal questions presented.  *See United Church of Christ Off. of Commc'ns, Inc. v. FCC*, No. 08-3245, 2008 U.S. App. LEXIS 28519, at *6 (6th Cir. May 22, 2008) (order)

In rare circumstances, of course, the random selection may fail to account for proceedings ongoing in another circuit, or might prove to be a true burden on the parties.  *See In re Nat'l Lab. Rels. Bd.*, 338 F. Supp. 3d at 1345.  Thus, transfer may be warranted to protect against conflicting decisions when another circuit court is currently reviewing a materially similar prior order, *Midwest Television, Inc. v. FCC*, 364 F.2d 674, 675−76 (D.C. Cir. 1966) (per curiam); when the petition is brought for review of an order entered after remand or in a follow-on phase and the petition targets the basis for the remand, *Eschelon Telecom, Inc. v. FCC*, 345 F.3d 682, 682 (8th Cir. 2003) (per curiam) (order); or when the challenged order "represent[s] the staggered

implementation of a single, multi-faceted agency undertaking," *Am. Civ. Liberties Union v. FCC*, 486 F.2d 411, 414 (D.C. Cir. 1973).

This case does not present one of those unusual circumstances requiring transfer. Eleven petitions for review challenging the FCC's order were filed in seven circuits. All but one of the petitioners oppose transfer. The D.C. Circuit has some familiarity with the legal classification of broadband through its consideration of prior FCC orders. But the FCC's vacillating positions on the proper classification of broadband demonstrate that the prior orders do not represent the staggered implementation of a single undertaking. And, as the D.C. Circuit itself has explained, "general familiarity with the legal questions presented by a case is decidedly different from acquaintance with the proceedings that gave rise to the order in suit." *Am. Pub. Gas Ass'n v. Fed. Power Comm'n*, 555 F.2d 852, 857 (D.C. Cir. 1976) (per curiam) (order).

Accordingly, the motion to file an amicus brief is **GRANTED**, and the motion to transfer is **DENIED**. Further, pursuant to Federal Rule of Appellate Procedure 17(a), the FCC is **DIRECTED** to file the administrative record with this court on or before July 3, 2024. Finally, the parties are **DIRECTED** to submit, no later than July 8, 2024, simultaneous supplemental briefing addressing the effect of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024), on our analysis of the stay motion.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk